# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1049V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| AUREA MARIA ORTIZ VIERA, | * | Special Master Corcoran |
| Petitioner, | * | Filed: September 26, 2022 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Roberto E. Ruiz-Comas*, RC Legal & Litigation Services PSC, San Juan, PR, for Petitioner.

*Tyler King*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On March 11, 2021, Aurea Maria Ortiz Viera filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome and/or Chronic Inflammatory Demyelinating Polyneuropathy as a result of her September 12, 2018, and/or October 3, 2019, receipt of the influenza vaccine, and that she experienced residual effects of this injury for more than six months.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was filed just last year, but the parties quickly entered settlement negotiations, agreeing this past summer in a stipulation that the issues before them could be settled. ECF No. 24. I then issued a decision awarding Petitioner compensation. *See* Decision, dated June 23, 2022. ECF No. 25 (the "Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated August 26, 2022 (ECF No. 30). This is Petitioner's first such request. Petitioner seeks an award of $48,826.23 in attorney's fees and costs ($47,618.00 in fees plus $1,018.23 in costs) for the work of two attorneys, Mr. Roberto Ruiz Comas and Ms. Maria Morell, from January 2020 to the present date. ECF No. 30 at 1–5. Respondent reacted to the fees request on September 9, 2022. *See* Response, September 9, 2022 (ECF No. 31). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2. Petitioner filed a reply requesting I enter a decision awarding the requested amount. *See* Reply, September 14, 2022 (ECF No. 32).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$48,826.23**.

## ANALYSIS

### I. Attorney's Fees

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** |
|---|---|---|---|
| **Roberto Ruiz Comas (Attorney)** | $370.00 | $380.00 | $400.00 |
| **Maria Morell (Attorney)** | $270.00 | $280.00 | $300.00 |

ECF No. 30 at 6–13.

Petitioner's counsel recognizes that Puerto Rico has not previously been considered "in forum," for purposes of determining an appropriate hourly rate under *McCulloch*. ECF No. 30 at 3–5. However, the requested rates are lower than what the applicable Special Master's fee schedule[3] would permit comparably-experienced counsel, while also consistent with what Mr. Ruiz-Comas has previously been awarded for his prior Vaccine Program work. *See Colon v. Sec'y of Health & Hum. Servs.*, No. 18-1065V, 2022 WL 909058, at *3 (Fed. Cl. Spec. Mstr. Mar. 4, 2022). I will therefore apply the requested rates in calculating fees herein. I also deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## III.  Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,018.23 in outstanding costs, including the cost of medical record retrieval costs and subpoena services. ECF No. 30 at 12. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 19, 2022).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$48,826.23,** reflecting $47,618.00 in attorney's fees and $1,018.23 in costs in the form of a check made jointly payable to Petitioner and INTOVACC, LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.